UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Betty Abbie, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Shasta County, et al.,<br><br>    Defendants. | No. 2:20-cv-01995-KJM-DMC<br><br>ORDER |

Plaintiffs in this wrongful death civil rights action move to file a third amended complaint to add eight employees of Shasta County Sheriff's Department (Shasta employees) as defendants. Plaintiffs also seek to add Wellpath, Inc., its affiliates, and its employees (Wellpath collective). Defendants oppose adding the Shasta employees but do not oppose adding the Wellpath collective parties. As explained below, the court **denies** in part and **grants** in part the motion: plaintiffs may not amend to name the Shasta employees as defendants, but may name the Wellpath collective parties.

**I.   BACKGROUND**

This is a civil rights case stemming from Teddie Abbie's death on September 11, 2019, while he was a pretrial inmate at the Shasta County Jail. Second Am. Compl. (SAC) ¶¶ 1, 66, ECF No. 30. On October 5, 2020, Mr. Abbie's estate and family members filed this case, alleging defendants subjected Mr. Abbie to excessive force and deprived him of medical

1

attention. *See* Compl. ¶ 1, ECF No. 1. Plaintiffs filed their first amended complaint in mid-December 2020. *See* First Am. Compl., ECF No. 19.

In late January 2021, the parties filed a joint status report, which observed "[t]he parties do not anticipate amendments to the operative pleadings at this juncture." Joint Status Report at 2, ECF No. 24. Nonetheless, the parties stipulated in early February 2021 to plaintiffs' filing the operative, second amended complaint to add a named plaintiff. *See* SAC. On February 24, 2021, the assigned magistrate judge issued a Rule 16 scheduling order establishing that no further pleading amendments would be allowed absent stipulation or leave of court for "good cause shown." Order (Feb. 24, 2021) at 1, ECF No. 33. After a few extensions of the deadlines set in the Rule 16 scheduling order, the parties are set to complete discovery by April 2023. Order (April 6, 2022) at 1, ECF No. 47.

On June 23, 2022, plaintiffs filed the instant motion requesting leave to amend and to file their third amended complaint to add the following eight Shasta employees as defendants: Brandon Alido, Ashley Gibbs, Devin Hurte, Darcy Boland, Charles Edwards, William Decker, Brandon Brown, and Chase Reed. Mot. at 1, ECF No. 48. Plaintiffs also seek to add the following members of the Wellpath collective as defendants: Wellpath, Inc., Wellpath Management, Inc., Wellpath LLC, California Forensic Medical Group, Inc. as well as these entities' three employees Carrie Rubalcava, Jamie Rebello, and Daniel Dellwo. *Id*. As noted above, defendants oppose adding the Shasta employees but do not oppose adding the Wellpath collective parties. Opp'n at 1–2, ECF No. 49. The court submitted this matter without oral argument. Min. Order, ECF No. 52.

**II.    LEGAL STANDARD**

As an initial matter, the standards of Rule 15 do not control the consideration of plaintiffs' motion. *Contra* Reply at 2–3, ECF No. 51. Once a scheduling order is issued, a motion to amend pleadings is governed by Rule 16's "good cause" requirement. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992).

The focus of the Rule 16 "good cause" inquiry is on the moving party's diligence, or lack thereof, in seeking amendment. *Id*. at 608–09. "Relevant inquiries [into diligence] include:

whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *Johnson v. St. Mary*, 2007 WL 1100507, at *1 (E.D. Cal. Apr. 11, 2007). If the moving party was not diligent in seeking amendment, leave to amend should be denied. *Johnson*, 975 F.2d at 608–09.

### III. ANALYSIS

#### A. Shasta Employees

Plaintiffs have not demonstrated diligence in seeking to add the Shasta employees as defendants. Plaintiffs' motion comes almost sixteen months after the magistrate judge issued the scheduling order. *See* Mot. In explaining their delay, plaintiffs assert they learned about the Shasta employees' involvement in Mr. Abbie's death on September 12, 2021, after reviewing discovery materials. *Id.* at 2. But the allegations in the operative complaint, filed in early February 2021, indicate that plaintiffs knew about at least four of the Shasta employees' involvement before the scheduling order was issued. *See* SAC ¶ 28 ("Deputy Brandon Alido struck DECEDENT's back with several 'book strikes'"); *id.* ¶ 30 ("Gibbs applied weight to DECEDENT's legs"); *id.* ("Hurte struck DECEDENT with closed fist strikes to the right side of DECEDENT's torso); *id.* ¶ 39 ("approximately just 35 minutes after DECEDENT requested his medications, Sergeant Reed performed a cell check and observed DECEDENT was colorless and not breathing"). Although plaintiffs argue they waited until they were ready to add all additional necessary parties at once, as opposed to making piecemeal amendments, *see* Mot. at 12, plaintiffs do not explain why they did not share that plan with the court or with defendants through their portions of the pretrial scheduling report, *see* Joint Status Report at 2 ("The parties do not anticipate amendments to the operative pleadings at this juncture.").

Moreover, assuming plaintiffs learned of the rest of the Shasta employees' involvement on or about September 12, 2021, plaintiffs have not explained the ten-month delay in filing this motion. Plaintiffs waited five months, until February 2022, before requesting that defendants stipulate to adding the Shasta employees to the complaint. *See* Boubion Decl., Ex. I, ECF No. 48-

1. After defendants declined the request, plaintiffs waited yet another five months to file this motion. *See id*., Exs. J & L. Because plaintiffs have failed to demonstrate diligence in seeking this amendment, the court denies plaintiffs' request to add the Shasta employees to the complaint.

### B. Wellpath Defendants

Plaintiffs also move to add the Wellpath collective parties as defendants. Mot. at 1. Defendants do not oppose the request. Opp'n at 1–2. Because the scheduling order permits a party to amend its pleading by stipulation, *see* Order (Feb. 24, 2021) at 1, the court grants plaintiffs' request to name the Wellpath collective parties in the complaint.

### IV. CONCLUSION

The court **denies** plaintiffs' motion to amend complaint to name the Shasta employees.

The court **grants** plaintiffs' motion to amend complaint to name the Wellpath collective parties as defendants.

The third amendment complaint must be filed within **fourteen days** of this order.

This order resolves ECF No. 48.

IT IS SO ORDERED.

DATED: August 1, 2022.

CHIEF UNITED STATES DISTRICT JUDGE